MARY M. ROBINSON *vs.* HORACE H. HARRISON, Administrator, and others.

### April Term, 1874.

TRUST BY RECEIPT OF STOCK BEQUEATHED BY WILL.—A widow who dissents from her husband's will, and receives from the executor, in part satisfaction of her distributive share of the personal estate, stock of a gas company bequeathed by the will to another, with full knowledge of the trust, and under a written agreement to hold the executor harmless from liability by reason of the transfer, becomes herself an express trustee for the party beneficially entitled, and is liable accordingly, with the executor, for the stock itself, its dividends and profits; or, if she has converted the same by sale, at the option of the beneficiary, for the value of the stock at the time of the conversion, or for an amount of money sufficient to replace the same, with its dividends and profits, at the date of the decree.

ACCELERATION OF LEGACIES.—The dissent of a widow, to whom the husband has bequeathed property for life with remainder over, from the will enures to the benefit of the legatees in remainder by accelerating the time of enjoyment, but without otherwise affecting the limitations of the will.

CASE IN JUDGMENT.—A testator bequeathed certain shares of gas stock to trustees, in trust for the widow for life, then to his negro man, Henry, and, if he be then dead, to Henry's wife, with power in her to dispose of the same by will or gift, as she sees proper; and, if she fails to dispose thereof, then, at her death, to her daughter, Mary. The widow dissented from the will, and received the stock in part of her distributive share; then Henry died; then his wife, without disposing of the stock; then the widow. It was held that the daughter was entitled to the stock and its proceeds, and to hold the executor and widow liable as trustees therefor, subject to such deduction, if any, as the specific legacy may be liable for in order to pay the debts and the wife's distributive interest.

*John Trimble* and *James Trimble*, for complainant.

*R. McP. Smith*, for defendants.

THE CHANCELLOR :—The Hon. John Catron died in May, 1865, leaving a will, which was duly probated, and of which the defendant, Harrison, was appointed and qualified as executor. This will consisted of a number of specific devises and legacies, with a residuary clause in favor of Matilda Catron, the testator's widow, who, however, dissented from the will, under the statute in such cases. The testator, among other legacies, by the second item of his will, bequeathed to trustees named—one of them being the defendant, Harrison—for the use of his negro man, Henry, "two thousand dollars in stock of the Nashville Gas-Light Company," with the qualification that " the interest on the stock is to be drawn by Mrs. Catron (testator's wife) during her life-time, and the next dividend after her death the trustees are to draw for Henry's use," and with directions as to the disposition of this stock, in certain contingencies, for Henry's benefit. By a third codicil to his will the testator refers to this bequest, and states that the stock has since increased to 116 19-20 shares, amounting nominally to $5,802.50, and adds : " Now, I hereby give, as in said will, all of said gas-light stock, except the proceeds of the first two thousand dollars ($2,000), which are to vest in Henry at my death, and my executors are requested to pay the proceeds of said two thousand dollars over to Henry as said proceeds are received. The balance of the proceeds of said gas-light stock is to be received by my wife during her life-time, and is to go to Henry at his mistress' death ; and if he be then dead, Henry's wife, Pauline, is to be his successor, and to receive the proceeds of said gas-light stock, and may dispose of the same by will or gift as she, Pauline, sees proper ; and if she fails to dispose of the same, then the stock, at Pauline's death, is given to her daughter, Mary, absolutely." Henry died in 1866, and Pauline in July, 1872, without having disposed of said stock. Mrs. Catron died in 1873. The original will in this cause was filed by Mary M. Robinson, the daughter of Pauline, against Harrison, as executor of Catron's will, and the personal

representative of Mrs. Catron, to recover the residue of the gas stock, after deducting the $2,000 thereof payable at the testator's death, the receipt whereof by Henry was admitted. The defendant, Harrison, as executor, seems to have paid the legacies, and otherwise executed the will, except in the matter of the stock in question.

By her dissent from her husband's will, the widow became entitled to one-third of the personalty of the estate. On the 9th of February, 1866, she and the executor had a settlement of her interest in the estate, and entered into written articles of settlement, by which her one-third of personalty was agreed to be $10,477.74, and she received in satisfaction thereof, in money and personal effects not specifically bequeathed, $8,139.95, leaving a balance due her of $2,337.79. This balance the agreement shows the executor paid her, and she received, in forty-seven shares of the gas stock bequeathed as above, amounting, at its par value of $50 per share, to $2,350. The instrument of agreement recites that the said Harrison has caused the said stock to be issued to her, " vesting in her such interest in said stock as he is authorized by virtue of his office as executor to vest, and in the same manner as the stock in said company given by the will to said Matilda Catron was bequeathed." The agreement concludes thus : " The said Matilda Catron hereby covenants with said Harrison, and binds herself, her heirs, and representatives to save the said Harrison harmless from all liability which may accrue by reason of this adjustment and the transfer of the gas stock."

The devisees and legatees of Catron's will were made defendants to the original bill for the purpose of having an administration account, if necessary. The defendant, Harrison, filed a cross-bill to hold the personal representatives of Mrs. Catron to her contract of indemnity, as above, and also to marshal the assets of the estate, and compel the legatees to refund proportionally, if, as he insisted, the assets were not sufficient to pay debts and legacies in full. The personal representatives of Mrs. Catron also filed a cross-

bill, to recover the full amount of her one-third of the personalty of the estate, in the event the stock was recovered by the complainant.

It is clear that the complainant became entitled, on the death of her mother without having made any disposition of the gas stock by "will or gift," to the stock, under the codicil to the testator's will. It was the duty of the defendant, Harrison, as executor and testamentary trustee, to have delivered the stock, upon the death of Mrs. Catron, certainly, and it may be on the death of complainant's mother, to the complainant, with such dividends, profits, or "proceeds" (to use the word of the will) as legally passed by the bequest in the events which had happened. If, as the executor suggests in his answer, the personal assets were insufficient to pay debts and the widow's distributive share of one-third, it was his duty to have made the deficiency fall proportionally on all the specific devises and bequests, and to have accounted with the complainant for the stock bequeathed to her, less her proportion of the loss. He had not the least right to select the legacy of complainant to bear the burden of the widow's dissent, whatever may have been his right to dispose of the stock for the purpose, if necessary, of paying debts. The complainant is clearly entitled to a decree against the executor declaring her right to the stock in controversy. She has an election to take a decree for the value of the stock at the date of the conversion (*Jameson* v. *Shelby*, 2 Humph. 198), or to the stock itself, and the dividends and profits thereof, or an amount in money sufficient to replace the same at this time. *Jones* v. *Harrison*, 3 Hayw. 92; *Henriques* v. *Franchise*, Prec. in Ch. 205; *Fowler* v. *Regnal*, 3 Mac. & G. 500; *Re Colliery Co.*, 25 W. R. 618. An account of the administration will be necessary to ascertain whether the complainant is entitled to the whole of the stock, or only to what may remain after scaling the legacy proportionally to meet any deficiency of assets to cover debts and the widow's distributive share.

The written agreement between the executor and the

widow shows that the latter took the forty-seven shares of gas stock, not only with full knowledge of the bequests of the will, and with an obligation on her part to save the executor harmless by reason of the transfer, but, by the very letter of the agreement, " with such interest in said stock as he is authorized by virtue of his office as executor to vest, and in the same manner as the stock in said company given by the will to said Matilda Catron was bequeathed." The plain meaning of this language is that she takes the stock subject to the provisions of the will. She became thereby a trustee for the complainant, as legatee—a trust never directly repudiated, so far as appears. The sale of the stock by her, although a breach of trust, could not affect her liability as an express trustee. *Huntly* v. *Huntly*, 8 Ired. Eq. 250 ; *Pearce* v. *Pearce*, 22 Beav. 248 ; *Hennessey* v. *Bray*, 33 Beav. 96. The statute of limitations is, therefore, no protection. *Life Association* v. *Siddal*, 3 De G. F. & J. 58 ; *Rackham* v. *Siddal*, 1 Mac. & G. 607. The complainant is, consequently, entitled to a decree against her personal representative, as well as against the executor, as above declared.

No suggestion has been made by counsel on the point whether, upon the widow's dissent from her husband's will, the rights of the legatees in remainder of this stock took effect at once, by way of what has been called acceleration. Perkins, § 567 ; *Lainson* v. *Lainson*, 18 Beav. 1 ; s. c. 5 De G. M. & G. 754 ; *Armstrong* v. *Park*, 9 Humph. 195 ; *Waddle* v. *Terry*, 4 Coldw. 51 ; *Ezell* v. *Ezell*, 1 Southern Law Rev. 369. My impression is that the dissent of the widow enured to the benefit of the legatees in remainder, by hastening the time of enjoyment, without otherwise affecting the limitations of the will. I will, however, hear argument on the point, if desired. Under the limitations of the will the stock, on the death of Henry before the widow, passed to his wife, and she having failed to exercise the limited power of disposition conferred upon her, the trust in favor of the complainant took effect at her death. *David* v.

*Bridgman*, 2 Yer. 557 ; *Kent* v. *Armstrong*, 2 Halst. Ch. 637 ; *Borton* v. *Borton*, 16 Sim. 552 ; *McGavock* v. *Pugsley*, 1 Tenn. Ch. 410.

None of the legatees and devisees, defendants to the original and cross-bills, have made defence. No resistance, therefore, has been offered to the claim that they should contribute to make up the deficiency, if any, occasioned by the debts of the estate and the widow's distributive share exceeding the undisposed-of assets. It was equitable that they should have borne their proportion of loss thus occasioned, no devastavit by the executor appearing, and they have, by their silence, recognized the equity as still subsisting. The decree may, therefore, declare the equity, leaving the amount of contribution to be ascertained by the report. *Edwards* v. *Freeman*, 2 P. W. 447 ; *Anonymous*, 1 P. W. 495 ; *Noel* v. *Robinson*, 1 Vern. 94 ; *Butler* v. *Wallis*, 2 Freem. Ch. 134 ; Code, § 2316.

As between the defendant, Harrison, and the representatives of Mrs. Catron's estate, it was his duty to have paid in money the balance of $2,337.74, found to be due to her by his settlement with her, as her distributive share of the estate. To this extent he has no claim against her upon her guaranty of indemnity. In other words, his claim for indemnity, under the agreement made with her, would be met and set off by her counter-claim for the balance found by the settlement to be still due to her. She is, however, bound to indemnify him against any loss beyond this sum by reason of the transfer of the gas stock. She must stand in his shoes to the full extent of the complainant's recovery against him for the stock transferred to her, but, as between him and her, will be entitled to a credit on this liability for the $2,337.74, and interest. The costs will abide the coming in of the report.

NOTE.—Affirmed on appeal.